## IN THE NORTHERN DISTRICT OF ALABAMA, JASPER DIVISION

| | |
|---|---|
| DAVID BELCHER, an individual, ) | |
| ) | |
|     PLAINTIFF, ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER** |
| ) | _____ |
| CENTRAL CREDIT SERVICES, INC., a ) | |
| corporation, ) | |
| ) | |
| There may be other entities whose true names ) | **JURY TRIAL DEMANDED** |
| and identities are unknown to the plaintiff at ) | |
| this time, who may be legally responsible for the ) | |
| claim(s) set forth herein and who may be added ) | |
| by amendment by the plaintiff when their true ) | |
| names and identities are accurately ascertained ) | |
| by further discovery. Until that time, the ) | |
| plaintiffs will designate these parties in ) | |
| accordance with ARCP 9(h).  The word "entity" ) | |
| as used herein is intended to refer to and include ) | |
| any and all legal entities including individual ) | |
| persons, any and all forms of partnership, any ) | |
| and all types of corporations or associations. ) | |
| The symbol by which these fictitious party ) | |
| defendants are designated is intended to include ) | |
| more than one entity in the event that discovery ) | |
| reveals that the descriptive characterizations of ) | |
| the symbol applies to more than one "entity". ) | |
| In the present action, the party defendants ) | |
| which the plaintiff must include by descriptive ) | |
| characterization are as follows: ) | |
| ) | |
| DEFENDANTS A, B and C, the correct ) | |
| designation of the individual, corporation or ) | |
| legal entity known as CENTRAL CREDIT ) | |
| SERVICES, INC.; ) | |
| DEFENDANTS D, E, F that person or legal ) | |
| entity who owns, possesses, utilizes, incorporates,) | |
| leases or otherwise uses the following phone ) | |
| numbers: (888) 904-1800, et seq.; ) | |
| DEFENDANTS G, H and I, that person or entity ) | |
| which employs, or uses as agents, the people who ) | |
| own, possess, utilize, incorporate, lease or ) | |
| otherwise use the following phone numbers in ) | |
| their employment:(888) 904-1800; ) | |

| | |
|---|---|
| **DEFENDANTS J, K and L,** that person or entity responsible for training the people who own, possess, utilize, incorporate, lease or otherwise use the following phone numbers in their employment: (888) 904-1800; | ) ) ) ) ) |
| **DEFENDANTS M, N and O,** that person or entity on whose behalf the following numbers are used in the regular course of business: (888) 904-1800; | ) ) ) ) |
| **DEFENDANTS P, Q and R,** that person or entity which contacted David Belcher and owns, possesses, utilizes, incorporates, leases or otherwise uses the following phone numbers: (888) 904-1800; | ) ) ) ) ) ) |
| **DEFENDANTS R, S and T,** that person or entity which is the successor in interest to **CENTRAL CREDIT SERVICS**; | ) ) ) |
| **DEFENDANTS U, V and W,** that person or entity who authorized CENTRAL CREDIT SERVICES, INC. to contact David Belcher; | ) ) ) ) |
| **DEFENDANTS X, Y and Z,** those persons employed by CENTRAL CREDIT SERVICES, INC., or a fictitious party defendant, who made collection calls to David Belcher; | ) ) ) ) ) |
| **DEFENDANTS AA, BB and CC,** those persons who issued debt collection letters to David Belcher; | ) ) ) ) |
| **DEFENDANTS DD, EE and FF,** that person or entity which authorized, employed, or consented to the contact of David Belcher; | ) ) ) ) |
| These fictitious parties' true and correct names are otherwise unknown at this time, but will be added by amendment when ascertained. | ) ) ) ) ) |
| **DEFENDANTS.** | ) |

## COMPLAINT

This is an action brought by the Plaintiff, DAVID BELCHER, as an individual, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices. Plaintiff also seeks compensatory and punitive damages for the

2

Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. § 1692k (d), and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Venue is proper in that the Defendant transacted business here, the Plaintiff resides within the Northern District of Alabama, Jasper Division.

## PARTIES

1. The Plaintiff, David Belcher, ("Plaintiff" or "Mr. Belcher") is a resident and citizen of the state of Alabama, Walker County, and is over the age of nineteen (19) years. He is a "consumer" as defined by 15 U.S.C. §1692a(3).

2. The Defendant, Central Credit Services, Inc. ("Defendant" or "CCS") is, upon information and belief, incorporated in the state of Florida with corporate offices in Jacksonville. The Defendant was, in all respects and at all times relevant herein, doing business in the Northern District of Alabama, Walker Division. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Walker County, Alabama and is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

3. Beginning in the early spring of 2009 the Defendant began a campaign of harassment against the Plaintiff in an attempt to collect on a nonexistent debt.

4. Beginning in the spring 2009, the Defendant contacted the Plaintiff at his place of residence by telephone an average of 10-15 times weekly, with an average of 3-4 calls daily, with the intent to harass the plaintiff into paying a debt he allegedly owed.

5. When asked for identification, the Defendant's employees stated they worked for "Service Messages". The Plaintiff believes this name is actually an alias used by Defendant Central Credit Services based upon a reverse phone number search.

6. The Defendant failed to provide verification of the debt to the Plaintiff, despite being repeatedly asked to provide documentation regarding the account.

7. The defendant's employees regularly made threats, ridiculed, and harassed the Plaintiff.

8. The defendant's employees regularly threatened to file a lawsuit and/or garnish the Plaintiff's wages if payments were not made immediately.

9. The Plaintiff repeatedly told the Defendant that he did not incur the debt alleged against him and denied any knowledge of such a debt.

10. As a result of the acts alleged above, Plaintiff suffered anxiety, embarrassment, humility, despair, sleeplessness, and other mental anguish.

### COUNT ONE:
### VIOLATION OF THE FAIR DEBT
### COLLECTION PRACTICES ACT

11. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

12. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

13. The Defendant violated § 1692(b)(1)(2) and (3) by intentionally communicating information concerning the alleged debt owed to third parties including the Plaintiff's wife.

14. The Defendant violated § 1692c(a) and (b) by repeatedly calling the Plaintiff, and by calling the Plaintiff outside of the time prescribed by the statute.

15. The Defendant violated § 1692d by engaging in conduct which was designed to harass, oppress and abuse the Plaintiff. This conduct includes but is not limited to the use of obscene and profane language, placing calls without identifying the caller, and causing the telephone to ring repeatedly with the sole intent to annoy and harass the Plaintiff.

16. The Defendant used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of § 1692e (2), (3), (4), (5), (7), (8), (10), (11), (12), (13), and (14).

17. The Defendant violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt.

18. The Defendant violated § 1692g(a) by failing to provide the statutory validation notice within 5 days of the initial communication with Plaintiff and by failing to advise the Plaintiff he had 30 days in which to dispute this debt and/or request a verification of the alleged debt in writing.

19. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, embarrassment, anxiety, humility, nervousness, sleeplessness and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant as follows:

    A.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    B.    Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

    C.    Actual damages for the Defendant's violations of the FDCPA;

    D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    E.    Such other and further relief that this Court deems necessary, just and proper.

## COUNT TWO:
## NEGLIGENT TRAINING AND SUPERVISION

20. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

21. The Defendant knew or should have known the legal status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

22. The Defendant knew or should have known that said conduct was improper.

23. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

24. Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

25. As a result of the Defendant's negligence, the Plaintiff suffered embarrassment, sleeplessness, worry, anxiety, nervousness, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant as follows:

    A.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    B.    Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

    C.    Actual damages for the Defendant's violations of the FDCPA;

    D.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    E.      Compensatory and punitive damages against Defendant on Plaintiff' state law claims for damages due to the Defendant's negligent training and supervision, and

    F.      Such other and further relief that this Court deems necessary, just and proper.

## COUNT THREE:
## RECKLESS AND WANTON TRAINING AND SUPERVISION

26. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

27. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

28. The Defendant knew or should have known that the said conduct was improper and illegal.

29. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

30. Defendant recklessly and wantonly failed to train and supervise its collectors on the FDCPA as it relates to communications with consumers and third parties.

31. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered fear, worry, anxiety, nervousness, humility, sleeplessness and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant as follows:

    A.      Declaratory judgment that the Defendant's conduct violated the FDCPA;

    B.      Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

    C.      Actual damages for the Defendant's violations of the FDCPA;

    D.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    E.      Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Defendant's reckless and wanton training and supervision; and

F.      Such other and further relief that this Court deems necessary, just and proper.

## COUNT FOUR:
## INVASION OF THE RIGHT OF PRIVACY

32. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.
33. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama.  Said communications were made in disregard for Plaintiff's right to privacy.  Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.
34. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy.  The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of the Defendant.
35. Said communications constitute the wrongful intrusion into the Plaintiff's solitude and seclusion.
36. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, sleeplessness and mental anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant as follows:

A.      Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.      Statutory damages pursuant to 15 U.S.C.§ 1692k (FDCPA);

C.      Actual damages for the Defendant's violations of the FDCPA;

D.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

E.      Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Defendant's invasion of the Plaintiff's privacy; and

F.      Such other and further relief that this Court deems necessary, just and proper.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

_____
Leah M. Fuller
Attorney for Plaintiff

**OF COUNSEL:**
Fuller Law Firm, LLC
P.O. Box 101883
Birmingham, AL 35210
Tel. (205) 834-8913
Fax (205) 834-8924
lfuller@fullerfirm.com

**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

Central Credit Services, Inc.
c/o CSC LAWYERS INCORPORATING SRV INC
150 S PERRY ST
MONTGOMERY, AL 36104